IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KELLY HESPE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 7998 |
| ) | |
| v. ) | Judge Jorge L. Alonso |
| ) | |
| ) | Magistrate Judge Michael T. Mason |
| **CITY OF CHICAGO,** a Municipal ) | |
| Corporation; Chicago Police Sergeant ) | |
| **GERALD BREIMON,** and Lieutenant ) | |
| **SARAH MCDERMOTT** ) | |
| ) | |
| Defendants. ) | |

WRITTEN opinion entered by the Honorable Michael T. Mason: For the reasons set forth below, plaintiff's motion to compel complete responses to written discovery and interrogatory requests [91] is denied. Status hearing remains scheduled for 11/10/15 at 9:00 a.m.

## STATEMENT

Plaintiff Kelly Hespe has filed suit against Chicago police officers Gerald Breimon ("Breimon") and Sarah McDermott ("McDermott"), and the City of Chicago ("the City") (collectively "defendants") for claims relating to, and stemming from the sexual harassment that she allegedly endured from Breimon while working as a police officer for the Chicago Police Department. Plaintiff claims sexual discrimination, harassment, and retaliation under Title VII against the City; an equal protection claim against Breimon stemming from his alleged actions; and supplemental State law claims related to alleged violations of the Illinois Gender Violence Act, intentional infliction of emotional distress, and assault stemming from the alleged actions of Breimon and McDermott. Plaintiff alleges that Breimon sexually harassed her by pursuing a romantic relationship with her for over three years, that the City created a hostile work environment by failing to take prompt action to protect her, and that McDermott threatened to harm plaintiff, in part, because she rebuffed Breimon's attention. As a result of defendants' actions, plaintiff claims she suffers from the following: anxiety attacks, chest pains, severe stress, hospitalization, withdrawal from others, weight gain, lapses in short term memory, depression, lethargy, nightmares, flashbacks, fear of being home alone, and fear when seeing Chicago Police squad cars. (Dkt. 1 at ¶110.) Plaintiff seeks damages for medical expenses, great humiliation, and severe emotional distress, claiming that she has been diagnosed with PTSD as a result of defendants' actions.

On September 23, 2015, plaintiff filed her motion to compel complete responses to written discovery and interrogatory requests. The Court sought clarification on what issues remained following defendants' response. On October 30, 2015, plaintiff filed her reply, identifying the following remaining discovery disputes: 1) request for any and all documents relating to CR# 1061832 and the complete investigative file; 2) documents related to Breimon's transfer from midnight watch to second watch in 2012; 3) Breimon's medical records; and 4) dates on which Breimon discarded all photographs.

In her motion and reply [91, 96], plaintiff asserts that the complete CR file is discoverable and relevant to plaintiff's allegations. Plaintiff then states that defendants failed to indicate whether they have produced all documents related to Breimon's transfer from midnight watch to second watch, or to provide the dates the documents were destroyed. Similarly, plaintiff seeks the dates on which Breimon has discarded all photographs or the circumstances under which he discarded the photos. Lastly, plaintiff opines that Breimon's medical records, including psychiatric records, from 2009 to present and documents relating to a third party recommendation to the Employee Assistance Program ("EAP") are relevant in light of plaintiff's allegations of sexual harassment and a hostile work environment.

In response, defendants [94] assert a privilege over CR# 1061832 based on it being an open investigation. However, their sur-reply [99] indicates that the investigation has since closed and they have agreed to produce a copy of the investigation file. Therefore, the Court finds the issue moot. Additionally, defendants' response includes correspondence from plaintiff's counsel outlining the results of a Rule 37 telephone conference. In the letter, plaintiff documents that defendants said they would look into whether any additional documents existed that would indicate how and when Breimon was transferred to the day shift. Defendants briefly note in their response that they confirmed with plaintiff that the documents she seeks regarding "Breimon's bid to days do not exist." (Resp. at 4.) Further, plaintiff's September 30, 2015, letter notes that Breimon does not recall when or how he destroyed the photographs and that "[c]ounsel for both parties agreed with this explanation and agreed that it would be confirmed through Defendant Breimon's deposition." (Resp. at Ex. 4.) With respect to the medical record request, defendants argue that the documents are not relevant or reasonably calculated to lead to the discovery of admissible evidence and are violative of Breimon's HIPPA privacy and the physician/psychotherapist-patient privilege. We agree.

"For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response, must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A party may move for an order compelling discovery after conferring or attempting to confer in good faith with the party failing to produce discovery. Fed. R. Civ. P. 37(a); Local Rule 37.2.

Documents Relating to Breimon's Transfer

Plaintiff requests confirmation that all responsive documents were produced and the date all documents related to Breimon's transfer were destroyed. In addition to defendants' confirmation in their response and sur-reply that all available documents have been produced, correspondence from September 30, 2015 provided plaintiff with information regarding the retention period as well as a suggestion to see if Breimon's union maintains the records. (Resp. at Ex. 5.) Accordingly, the Court finds that defendants satisfied plaintiff's request.

Destroyed Photographs

Plaintiff does not acknowledge that defendants have already addressed the destroyed photographs by confirming that Breimon does not know the date of destruction and that the matter can be inquired into further during his deposition. Given that the record before the Court indicates that the information plaintiff seeks regarding the date of destruction or the circumstances in which he discarded the photographs is not available, the Court finds that defendants have answered the question to the best of their ability. Should the information become known, defendants are to provide it immediately. Otherwise, the Court agrees with the parties' original plan to confirm details of the destruction and Breimon's lack of recollection at Breimon's deposition.

Breimon's Medical Records

Plaintiff contends that Defendant Breimon's medical records should be produced. Notably, plaintiff does not provide any case law for producing a defendant's medical records when the defendant's medical condition is not at issue, nor does plaintiff address why the documents are relevant. The Court agrees with defendants that the medical records are privileged and defendants are not required to produce them. Moreover, the Court finds the request to be overly broad in time and scope.

With respect to the EAP documents, again, plaintiff's September 30 letter provides clarification on the matter. According to plaintiff's letter, Breimon never entered EAP and the EAP retains no records for officers who seek their assistance. Plaintiff further noted that these details would be confirmed through Breimon's deposition. Therefore, there is no indication that records exist regarding Breimon's alleged recommendation to EAP. Moreover, plaintiff does not establish why these documents should be turned over even though they are confidential in nature. Consequently, plaintiff's request for Breimon's medical records and documents relating to EAP is denied.

Therefore, for the reasons stated above, plaintiff's motion to compel is denied. Defendants are to promptly produce the CR# 1061832 file they agreed to produce.

Date: 11/10/15                                                                                  /s/ Michael T. Mason