**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KELLY HESPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 13 CV 7998** |
| ) | |
| **v.** ) | **Judge Jorge L. Alonso** |
| ) | |
| ) | **Magistrate Judge Michael T. Mason** |
| **CITY OF CHICAGO, a Municipal** ) | |
| **Corporation; Chicago Police Sergeant** ) | |
| **GERALD BREIMON, and Lieutenant** ) | |
| **SARAH MCDERMOTT** ) | |
| ) | |
| **Defendants.** ) | |

WRITTEN opinion entered by the Honorable Michael T. Mason: For the reasons set forth below, defendants' motion to compel the extended deposition of plaintiff [107] is granted in part and denied in part. Defendants' motion for an extension of time to complete discovery for limited purposes [108] is granted. Fact discovery will close on 2/18/16. Status hearing scheduled for 2/10/16 at 9:00 a.m.

## STATEMENT

Plaintiff Kelly Hespe ("Plaintiff") has filed suit against Chicago police officers Gerald Breimon ("Breimon") and Sarah McDermott ("McDermott"), and the City of Chicago ("the City") (collectively "defendants") for claims relating to, and stemming from the sexual harassment that she allegedly endured from Breimon while working as a police officer for the Chicago Police Department. Plaintiff alleges that Breimon sexually harassed her by pursuing a romantic relationship with her for over three years, that the City created a hostile work environment by failing to take prompt action to protect her, and that McDermott threatened to harm plaintiff, in part, because she rebuffed Breimon's attention. Plaintiff seeks damages for medical expenses, great humiliation, and severe emotional distress.

Plaintiff was deposed on November 30, 2015 for approximately seven hours and ten minutes. Halfway through the deposition, defense counsel requested additional time beyond the seven hours allowed under Federal Rule of Civil Procedure 30(d)(1). Plaintiff's counsel did not agree to extend the deposition. On December 4, 2015, defendants filed a motion to compel the extended deposition of plaintiff [107] and a motion to extend the discovery closure deadline for limited purposes [108]. The motion to extend the discovery closure deadline seeks additional time to take the extended deposition of the plaintiff and to obtain responses to subpoenas issued to the plaintiff's

mother, father, and ex-husband. Plaintiff does not object to extending the discovery deadline to obtain responses to defendants' outstanding subpoenas.

In their motion to compel the extended deposition of the plaintiff, defendants seek four additional hours for the plaintiff's deposition.[1] It is defendants' position that good cause exists for allowing extra time to examine the plaintiff because "(1) the deponent is the [p]laintiff, (2) examination covers nine counts, including events going back to 2001, (3) examination requires review of numerous documents, and (4) this is a three defendant case in which unique and discrete circumstances must be posed to adequately prepare a defense for each defendant." (Mot. at 4.) Defendants further assert that additional time is necessary because plaintiff frequently gave non-responsive answers to defense counsel's questions. In their Court ordered supplement to the motion[2], defendants cite to testimony they believe demonstrates plaintiff's evasiveness.

In her response and supplemental response, plaintiff asserts that defendants knew well in advance of the deposition that there were complex issues in this case, yet they did not seek additional time for the deposition until halfway through the actual deposition. Plaintiff further maintains that plaintiff's answers were not evasive or non-responsive as defendants suggest. Moreover, defendants did not raise any objections or allegations that plaintiff's answers were evasive until halfway through the deposition when they requested additional time to depose the plaintiff. In the event the Court is inclined to grant defendants' motion, plaintiff asks that the deposition be extended for only two additional hours.

This Court agrees that defendants fail to establish that plaintiff's answers were non-responsive; however, given the complexity of the issues involved and the period of time to be covered by the deposition, some additional time to complete the deposition is warranted. Therefore, defendants shall have two additional hours to depose the plaintiff.

Under Federal Rule of Civil Procedure 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the

---

[1] Defendants filed a second supplement to their motion to compel the extended deposition of plaintiff seeking (1) an additional thirty days to review recently produced documents and (2) an additional seven hours to depose the plaintiff. (Dkt. 116.) Defendants' second supplement, however, is outside of the scope of this Court's December 11 order requiring defendants to supplement their motion with examples from the deposition. The second supplement contains new information as well as a new basis for extending the plaintiff's deposition. Defendants did not seek this Court's permission to file the second supplement, and as such, the Court finds the filing to be improper. Should defendants wish to bring the matters raised in their second supplement to this Court's attention, they should do so through a proper motion following a Rule 37.2 conference with plaintiff. The Court, however, cautions against excessive motion filing in this case given that the Court has considered both sides' arguments in rendering its decision regarding the plaintiff's deposition.

[2] The deposition transcript was not available at the time of the Court ordered deadline for filing the motion. Therefore, the Court ordered each party to supplement their original filings with citations to the transcript once it became available.

deponent or if the deponent, another person, or any other circumstances impeded or delays the examination." FED. R. CIV. P. 30(d)(1). The party seeking a court order to extend the examination must show good cause to justify such an order. FED. R. CIV. P. 30(d) advisory committee's note (2000 amendment subdivision (d)).

The Court agrees that defendants should have realized prior to the deposition that additional time might be required due to the nature of the case. However, there is nothing to suggest that the failure to raise the issue before the commencement of the deposition constitutes waiver. Considering the number of factual allegations and length of time over which the alleged allegations took place, it is reasonable to conclude that a party may require more than seven hours to depose the plaintiff on all of the issues of the case. Defendants, however, fail to establish why four additional hours would be necessary to complete the deposition.

Instead of identifying certain areas that defendants were unable to address in the original seven hours, defendants attempt to blame plaintiff's responses as a primary reason for their inability to complete the deposition within the time allotted by Rule 30(d)(1). Defendants improperly claim a number of responses to be "evasive" and "non-responsive" when plaintiff did, in fact, respond, sometimes by stating "I don't know." Plaintiff's inability to recall certain dates or names of individuals does not necessarily infer that she was trying to be evasive. Her responses that she did not recall certain details were just that, and those are issues that defendants can raise at trial when plaintiff has the burden of establishing certain facts. Further, on numerous occasions, defendants incorrectly claim that certain testimony was non-responsive merely because plaintiff did not provide as detailed a response as defendants would prefer.[3] Defendants characterize standard follow-up questions as attempts to obtain responsive answers.

In reviewing the transcript, the Court found that the plaintiff generally attempted in good faith to answer questions. Confusion regarding certain questions is more likely attributable to the personal nature of the questions and the length of the deposition as opposed to plaintiff's attempt to be evasive. Defendants are warned against such blatant mischaracterization of testimony in the future.

Nonetheless, the Court recognizes that additional time is required in order to allow defendants to fully evaluate the issues in this matter. This Court finds that extending the deposition two additional hours should sufficiently allow defendants to explore the remaining issues in this case. While the case is complex, counsel has a responsibility to be efficient during depositions and utilize the time to their advantage. The seven-hour limit has been designated for good reason and is not to be exploited merely because a party was unable to condense their questions into the appropriate amount of time.

---

[3] *See* Pl. Dep. 11:24-12:6; 16:21-17:5; 22:24-23:17 (asking to repeat the question because she did not hear it properly); 25:13-2:8; 118:23-120:2; 133:13-134:5; 145:11-146:9; 184:9-15; and 208:13-209:7.

With respect to defendants' motion to extend the discovery closure deadline, discovery is extended for the limited purpose of completing the two-hour extended deposition of plaintiff and for obtaining responses to the outstanding subpoenas issued to plaintiff's mother, father, and ex-husband. Discovery will close on February 18, 2016. No further extensions will be granted absent exceptional circumstances.


**Date: 1/7/16**                                              **/s/ Michael T. Mason**