IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY HESPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 CV 7998 |
| | ) |
| v. | ) Judge Jorge L. Alonso |
| | ) |
| | ) Magistrate Judge Michael T. Mason |
| CITY OF CHICAGO, a Municipal | ) |
| Corporation; Chicago Police Sergeant | ) |
| GERALD BREIMON, and Lieutenant | ) |
| SARAH MCDERMOTT | ) |
| | ) |
| Defendants. | ) |

WRITTEN opinion entered by the Honorable Michael T. Mason: For the reasons set forth below, defendants' second motion to compel the extended deposition of plaintiff [120] is granted in part and denied in part. Defendants' motion to extend the fact discovery deadline for a limited purpose [126] is granted in part and denied in part. Fact discovery will close on 3/16/16. Status hearing set for 3/17/16 at 9:00 a.m.

## STATEMENT

Plaintiff Kelly Hespe ("plaintiff") has filed suit against Chicago police officers Gerald Breimon ("Breimon") and Sarah McDermott ("McDermott"), and the City of Chicago ("the City") (collectively "defendants") for claims relating to, and stemming from the sexual harassment that she allegedly endured from Breimon while working as a police officer for the Chicago Police Department. Plaintiff alleges that Breimon sexually harassed her by pursuing a romantic relationship with her for over three years, that the City created a hostile work environment by failing to take prompt action to protect her, and that McDermott threatened to harm plaintiff, in part, because she rebuffed Breimon's attention. Plaintiff seeks damages for medical expenses, great humiliation, and severe emotional distress.

Plaintiff was deposed on November 30, 2015 for approximately seven hours and ten minutes. Halfway through the deposition, defense counsel requested additional time beyond the seven hours allowed under Federal Rule of Civil Procedure 30(d)(1). Plaintiff's counsel did not agree to extend the deposition. On December 4, 2015, defendants filed a motion to compel the extended deposition of plaintiff [107] and a motion to extend the discovery closure deadline for limited purposes [108]. On December 30, 2015, defendants filed a second supplemental to their motion to compel the extended deposition and included a new basis for extending the plaintiff's

deposition. The Court found that the filing was improper and outside of the Court's order regarding supplements to the original motion. (Dkt. 118 at n. 2.) The parties were instructed to meet and confer on any additional issues and were cautioned against excessive motion filing. (*Id.*) On January 7, 2016, the Court granted plaintiff's motion to compel the extended deposition in part and denied it in part and also granted the motion for an extension of time. (Dkt. 118.) Defendants were given an additional two hours to depose the plaintiff and additional time for the parties to obtain responses to outstanding subpoenas. Discovery was ordered to close on February 18, 2016, with no further extensions to be granted absent exceptional circumstances.

On January 20, 2016, defendants filed their second motion for additional time to depose the plaintiff ("motion for additional time") [120]. No request to extend discovery was made in the motion for additional time. On February 10, 2016, defendants brought a motion to extend the fact discovery deadline ("motion to extend") [126] in order to complete the extended deposition of the plaintiff, re-depose the plaintiff's mother, and propound requests to admit on the plaintiff. The Court addresses both motions below.

## **MOTION FOR ADDITIONAL TIME**

In their motion for additional time, defendants request five hours[1] to depose the plaintiff as a result of extensive documents recently produced by her mother, which they claim were withheld by the plaintiff.[2] Defendants assert that nearly 5,000 of the text messages were not previously produced during discovery and that they contain language that supports the defense. Defendants further argue that the issues allegedly present during their first deposition, notably delays in responding to questions and vague or non-responsive answers, will be present during the second deposition. Therefore, it is defendants' position that they would be prejudiced by only having two hours to address the issues remaining from the first deposition as well as the documents produced by the mother.

Plaintiff responds [123] that defendants fail to provide a legitimate explanation regarding why the substance of the text messages cannot be covered during the additional two hours of deposition time already granted. Plaintiff further argues that the Court rejected defendants' position that the plaintiff's responses were vague and non-responsive. Plaintiff relies on the Court's January 7 order, which addresses the plaintiff's good faith effort to answer questions. Moreover, plaintiff asserts that she was not in possession of the text messages at defendants' depositions and, therefore, could not rely on them during their depositions. It is also plaintiff's position that defendants' motion is devoid of any evidence of demonstrable prejudice and fails to identify a single text that would support the defense.

---

[1] Two of the five hours consist of the additional time already granted by this Court on January 7. (Dkt. 120 at 4.)
[2] According to the defendants, the documents include copies of timelines, voicemail messages, summaries of certain voicemail messages, various drafts of the complaint, and 5,748 text messages between the plaintiff and Breimon over the course of seven months.

2

Under Federal Rule of Civil Procedure 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impeded or delays the examination." FED. R. CIV. P. 30(d)(1). The party seeking a court order to extend the examination must show good cause to justify such an order. FED. R. CIV. P. 30(d) advisory committee's note (2000 amendment subdivision (d)).

In this case, plaintiff fails to address defendants' numerous assertions that the text messages were withheld by the plaintiff. The mother is a non-party to this lawsuit, and the plaintiff's access to what was in her mother's possession prior to discovery production remains unclear. Plaintiff does not contest defendants' statements that all of the discovery produced was originally provided by the plaintiff following the filing of the lawsuit "to make sure they didn't get lost." (Dkt. 120 at 2.) No explanation is provided as to why the mother's discovery differed from what the plaintiff produced. Instead, plaintiff makes the brief statement that she was not in possession of the text messages at the time the defendants were deposed. The Court, however, is not here to address the timing and sufficiency of discovery production. Given the production of text messages between the plaintiff and Breimon after the plaintiff's deposition, the Court finds that good cause exists for justifying additional time to depose the plaintiff.

The question turns to how much time is reasonably necessary to allow defendants to address the discovery production. Two hours have already been granted to allow defendants time to explore the remaining issues in this case. According to defendants, they need three additional hours to address the almost five thousand text messages between the plaintiff and Breimon. Little support is given as to why three hours would be required, except for the defendants' opinion that plaintiff will likely be vague and non-responsive. This Court has already addressed plaintiff's deposition responses in the January 7 Court Order and found the responses to be in good faith. Further, aside from listing the number of text messages, defendants do not provide any evidence to support their position that it will take three hours to address the full context of the text messages. The Court finds that an hour and a half of additional time will sufficiently address the text messages. Accordingly, the plaintiff's deposition shall not exceed three and a half hours. Parties are all cautioned to work efficiently to take the deposition in a timely manner.

## **MOTION TO EXTEND**

In their motion [126], defendants argue that plaintiff delayed providing dates for the plaintiff's deposition and that they were not available on the few dates provided. Defendants also seek to extend fact discovery to re-depose the plaintiff's mother on the discovery produced on December 30, 2015, claiming that the document production constitutes an exceptional circumstance warranting a second deposition. Additionally, defendants seek to propound additional requests to produce regarding the recently produced text messages "in order to properly and completely investigate Plaintiff's claims and Defendants' defenses" and "mitigate the prejudice caused by Plaintiff's

3

failure to produce the thousands of text messages in discovery." (Dkt. 126 at 3-4.) For these reasons, defendants ask the Court to extend discovery until April 15, 2016.

Plaintiff responds [130] that the discovery deadline should only be extended to allow for the plaintiff's extended deposition. She asserts that defendants failed to properly seek leave to conduct a second deposition of a non-party in compliance with Federal Rule of Civil Procedure 30(a)(2). She further maintains that defendants should not be entitled to a second deposition simply because documents were produced in compliance with a subpoena issued after the mother's deposition. Moreover, it is plaintiff's position that a second deposition is unnecessarily cumulative and duplicative because the text messages between the plaintiff and Breimon speak for themselves and that the defendants will have the opportunity to address the text messages with the plaintiff herself during her extended deposition. Lastly, plaintiff objects to defendants' request to propound requests to admit as a means of obtaining additional written discovery.

Defendants brought their motion for an extension of time eight days before discovery was set to close and almost a month and a half after the December 30 discovery production by the plaintiff's mother. Further, defendants have been on notice since January 7, 2016, that there was a February 18 discovery cutoff date. Defendants also fail to properly seek leave to re-depose the plaintiff's mother, instead simply asking for an extension of time so that a second deposition can be conducted. Under Federal Rule of Civil Procedure 30, a party must obtain leave of court where the deponent has already been deposed in the case. FED. R. CIV. P. 30(a)(2)(A)(ii). No such request was made in this case.

Accordingly, this Court finds defendants' motion to be untimely. The Court, however, acknowledges that additional time is necessary to depose the plaintiff on the mother's discovery production. As discussed above, it is unclear why the discovery was not produced along with plaintiff's discovery production, but that is not a matter before this Court. The Court has already determined based on the record that an additional one and a half hours is sufficient for allowing defendants to depose the plaintiff regarding the text messages. Given that the discovery produced by plaintiff's mother relates to or at one point was in the possession of the plaintiff, the Court finds that the plaintiff's deposition will be a sufficient forum for inquiring about the recently produced discovery. Moreover, defendants failed to properly bring a motion to re-depose a non-party and did not raise the matter of re-deposing the mother until just before discovery was set to close. Therefore, the Court does not find that exceptional circumstances exist for re-deposing the mother.

With respect to defendants' request for an extension of time to propound requests to admit, the Court notes that requests to admit are not a discovery procedure. *Tamas v. Family Video Movie Club,* 301 F.R.D. 346, 347 (N.D. Ill. 2014) (*quoting* 7 Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for

4

those purposes.")). Therefore, the request for additional time to serve requests to admit does not properly relate to the discovery cutoff date or this Court's referral for overseeing discovery matters.

Discovery is extended until March 16, 2016 for the limited purpose of deposing the plaintiff for an additional three and a half hours. No further extensions will be granted.

**Date: 2/17/16**                                                                                       **/s/ Michael T. Mason**