IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KELLY HESPE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 CV 7998 |
| | ) |
| v. | ) Judge Jorge L. Alonso |
| | ) |
| | ) Magistrate Judge Michael T. Mason |
| **CITY OF CHICAGO, a Municipal Corporation; Chicago Police Sergeant GERALD BREIMON, and Lieutenant SARAH MCDERMOTT,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

WRITTEN opinion entered by the Honorable Michael T. Mason: For the reasons set forth below, defendants' motion to extend fact discovery and to compel plaintiff to produce her electronic devices for inspection [133] is denied. Status hearing scheduled for 5/5/16 at 9:00 a.m.

## STATEMENT

Plaintiff Kelly Hespe ("plaintiff") filed suit against Chicago police officers Gerald Breimon ("Breimon") and Sarah McDermott ("McDermott"), and the City of Chicago ("the City") (collectively "defendants") for claims stemming from the sexual harassment that she allegedly endured from Breimon while working as a police officer for the Chicago Police Department. Plaintiff alleges that Breimon sexually harassed her by pursuing a romantic relationship with her for over three years, that the City created a hostile work environment by failing to take prompt action to protect her, and that McDermott threatened to harm plaintiff, in part, because she rebuffed Breimon's attention.

For purposes of the motion before the Court, a recitation of defendants' discovery of plaintiff's electronically stored information ("ESI") in this case is warranted. Defendants' Document Production Request No. 9 sought copies of all documents and communications between plaintiff and Breimon from January 1, 2008 to the present including letters, notes, cards, emails, text messages, Facebook messages, Skype messages, GChats, instant messages or any other form of communication through the internet such as Twitter or Instagram. (Dkt. 133-2 at p.5.) According to defendants, plaintiff produced, in March 2015, copies of 1 note plaintiff saved to her cell phone, 34 photographs, 130 voicemail messages, 45 pages of emails, and 850 text messages (from a 6 month time period). (Dkt. 133 at p. 3.)

In October 2015, plaintiff's mother sat for a deposition and testified that plaintiff sent her flash drives containing voicemail messages from Breimon and text messages between plaintiff and Breimon after this lawsuit was filed. (Dkt. 133-2 at p. 32-34.) In November 2015, plaintiff sat for a deposition for over seven hours and testified that she sent copies of ESI (voicemails) to her parents. (Dkt. 133-2 at p. 48-72.)

On December 4, 2015, defendants filed a motion to compel the extended deposition of plaintiff (Dkt. 107) and a motion to extend the discovery closure deadline for the limited purpose of continuing plaintiff's deposition and to obtain responses to defendants' subpoenas served on plaintiff's mother, father and ex-husband. (Dkt. 108.) On December 30, 2015, defendants filed a second supplement to their motion to compel the extended deposition and included a new basis for extending plaintiff's deposition, including that plaintiff's mother recently produced copies of voicemails and in excess of 5,700 text messages to defendants. (Dkt. 116.)

On January 7, 2016, the Court granted defendants' motion to compel the extended deposition in part and denied it in part and also granted the motion for an extension of time. (Dkt. 118.) The Court allowed defendants an additional two hours to depose plaintiff as well as additional time for the parties to obtain responses to outstanding subpoenas. Discovery was ordered to close on February 18, 2016, with no further extensions to be granted absent exceptional circumstances.

On January 20, 2016, defendants filed their second motion for additional time to depose plaintiff as a result of copies of ESI (text messages) produced by plaintiff's mother. (Dkt. 120.) Defendants did not move to extend the discovery deadline. On February 10, 2016, defendants brought a motion to extend the fact discovery deadline (Dkt. 126) in order to complete the extended deposition of plaintiff regarding ESI, re-depose plaintiff's mother, and propound requests to admit on plaintiff. The Court extended the discovery cutoff up to and including March 16, 2016 for the limited purpose of deposing plaintiff for an additional 3.5 hours, and in the order the Court noted that no further extensions will be granted. (Dkt. 131.)

On March 15, 2016, defendants filed their motion to extend fact discovery and to compel plaintiff to produce her electronic devices for inspection. (Dkt. 133.) Defendants seek an additional 90 days to complete discovery and to compel plaintiff to produce for inspection her electronic devices including cell phones, tablets, laptops and desktop computers ("devices"); to produce password information needed to access her electronic devices and online accounts; and depending on the results of the search of the electronic devices, defendants may file a motion for leave to re-open plaintiff's deposition. Defendants insist that they must inspect the devices and online accounts for relevant ESI. Defendants contend that cannot rely on plaintiff's representation that she has produced all ESI because of the sporadic nature of plaintiff's document production. In addition, defendants argue that Breimon deleted almost all relevant ESI in or around 2012. Therefore, defendants argue, they need to inspect plaintiff's devices and be given access to plaintiff's online accounts.

Contrary to defendants' argument, plaintiff testified that she did not delete text messages or photos (although plaintiff testified that she deleted Breimon from her Facebook account and she deleted "dirty" pictures that Breimon sent). (133-2 at p. 50, 64, 67-70, 84-86.) Plaintiff also states that all responsive discovery has been produced. For the following reasons, the motion is denied.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows the parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted). Under Rule 34(a), a party may request the responding party to produce and permit the requesting party to inspect and copy electronically stored information. FED. R. CIV. P. 34(a).

Defendants have not demonstrated that production of the devices and password information is proportional to the needs of the case. While plaintiff appears to have been dilatory in responding to defendants' document production requests last year when her mother produced more ESI than plaintiff herself, this issue seems to have been resolved, and plaintiff has otherwise appeared to have complied with discovery.[1] Presumably, copies of responsive ESI, such as text messages exchanged with Breimon or voicemails that Breimon left for plaintiff which are on plaintiff's devices or iTunes account have already been produced by plaintiff. Further, it is not clear to this Court why Breimon cannot access his own online accounts (such as Facebook and others identified in Document Production Request No. 9) to retrieve the information defendants seek or request the provider to do so on his behalf. The burden and expense of inspecting plaintiff's devices and online accounts likely outweigh any benefit because copies of the documents and communications are sufficient to defend plaintiff's claims in this discrimination case.

Moreover, defendants have not demonstrated why unfettered access to plaintiff's devices and online accounts is outweighed by plaintiff's privacy and confidentiality interests. *See e.g., Carolina Bedding Direct, LLC v. Downen*, No. 3:13-cv-336-J-32MCR, 2013 WL 2431972, *1-2 (June 4, 2013 M.D. Fla.) (denying motion to compel production of litigant's log-in information and computer and cell phone for inspection); *Fasteners For Retail, Inc. v. DeJohn*, 2014-Ohio-1729, 2014 WL 1669132, at *4-5 (Ohio Ct. App. 2014) (noting that federal courts are reluctant to order examination of a litigant's computer as a matter of course or on the mere suspicion that a party withheld evidence). Requiring plaintiff to turn over the devices and her password information is not proportional to the needs of this case.

Finally, defendants claim that they filed the instant motion one day before discovery was set to close because plaintiff testified on March 2, 2016, that she had the text messages she sent to her mother saved on her home computer and she did not preserve ESI. (Dkt. 133 at p. 7.) However, this does not appear to be information that

---

[1] Plaintiff states that all responsive discovery has been produced.

is any different than what defendants have known for months and does not warrant granting the motion now. Defendants acknowledge that in October 2015, plaintiff's mother testified that she received copies of voicemails and text messages that plaintiff sent to her on flash drives. (*Id.*) Defendants further acknowledge that during plaintiff's deposition in November 2015, plaintiff testified that she deleted Breimon from her Facebook account prior to filing the lawsuit and that plaintiff "referenced text messages from Breimon that defendants knew, based on their document review, had not been produced." (Dkt. 133 at p. 5-6.) Defendants also knew in November 2015 that plaintiff "had approximately ten notes on her cell phone" but she "produced only one note in discovery." (*Id.*) In addition, defendants knew that in December 2015, plaintiff's mother produced, in response to a subpoena, copies of, among other things, over 5,700 text messages that were exchanged between plaintiff and defendant Breimon.

Based on the record before the Court, defendants have sought and received extensions of time to conduct further discovery on the issue of plaintiff's ESI based on plaintiff's and her mother's document productions containing thousands of text messages and other information they obtained last year. *See, e.g., LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 3294802, at *2 (N.D. Ill. June 22, 2009) (denying discovery motion due to unexplained or undue delay). Plaintiff's March 2, 2016 deposition testimony does not appear to contain information that is different than what defendants have known for months. Accordingly the motion is denied.

To be clear, the Court is by no means condoning what may have been a piecemeal document production by plaintiff, and it would be unfair to allow plaintiff to withhold potentially relevant documents and communications. Accordingly, within 14 days of the date of this order plaintiff is directed to conduct a search of documents and electronic devices within her possession, custody or control and produce all responsive documents and communications, including but not limited to text messages and voicemail messages, from (January 1, 2008 to March 2013). To the extent that no additional responsive documents remain, plaintiff must produce an affidavit to defendants explaining that all responsive documents and communications within her possession, custody or control have been produced to defendants. plaintiff is reminded that in the event that discovery delays or discovery violations on this issue arise in the future, attorney fees and other sanctions may be ordered.

**Date: April 27, 2016**                                                                                          /s/ Michael T. Mason