UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KELLY HESPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 13 C 7998 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| **CITY OF CHICAGO, GERALD** | ) | |
| **BREIMON, and SARAH MCDERMOTT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Defendants' Motion in Limine No. 12 (see ECF No. [264] at 17) is granted in part and denied in part.

## STATEMENT

In their Motion in Limine No. 12 (ECF No. [264] at 21), defendants seek to bar plaintiff from seeking damages in the form of back pay or other, similar equitable relief.

Defendants argue that the equitable remedies of back pay and front pay, including an award of pension contributions and benefits, are unavailable in this case because the only remaining substantive claims are against Breimon individually, who was not plaintiff's employer and has no power to render such relief. To the extent such remedies are available, defendants ask that the Court administer them in post-trial proceedings, if necessary. Plaintiff responds that, under § 1983, she is entitled to appropriate compensatory and punitive damages, and back pay and front pay are appropriate measures of her damages, so plaintiff should be able to use lost pay to calculate the damages she will seek from the jury. At argument, plaintiff cited *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 628 (7th Cir. 2018).

Plaintiff's case is not on point. *EEOC v. Costco Wholesale Corp.* addresses whether back pay is available under Title VII for a period of time when the plaintiff has taken a leave of absence due to sexual harassment. That issue is irrelevant to defendants' Motion in Limine No. 12, which seeks to bar back pay and other such equitable relief as unavailable in a § 1983 action against an individual harasser, as opposed to a Title VII action against an employer.

The Court agrees with defendants that plaintiff is not entitled to equitable remedies such as back pay and front pay, including lost benefits, because the remaining substantive claims are against defendant Breimon, who was not plaintiff's employer. Nevertheless, plaintiff is correct that she is entitled to present lost pay as a measure of compensatory damages for the jury to consider, if not as an equitable remedy for the Court to administer.

Back pay is an equitable remedy for the court—not the jury—to administer when it is in the nature of restitution—that is, when it is based on defendant's improper gain rather than plaintiff's loss. *See generally Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570-72 (1990) (backpay is an equitable remedy where it is "restitutionary" because it is "money wrongfully held" by a defendant employer, not where it is "wages . . . [the plaintiffs] would have received" absent the wrongful conduct of a third-party defendant, such as a labor union that did not fairly represent plaintiffs); *Curtis v. Loether*, 415 U.S. 189, 197 (1974) ("In Title VII cases the courts of appeals have characterized back pay as an integral part of an equitable remedy, a form of restitution."); *Grayson v. Wickes Corp.*, 607 F.2d 1194, 1196 (7th Cir. 1979) ("an award of back pay is an integral part of the equitable remedy of reinstatement"); *cf. Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1352 (7th Cir. 1995) (back pay is "properly thought of as compensatory damages" where it is "compensation for injury at the hands of defendants").

Thus, in Title VII cases, unlike here, back pay is an equitable remedy, not only because the statutory language designates it as such, *see Curtis*, 415 U.S. at 197 (citing 42 U.S.C. § 2000e-5(g)) but also because it tends to be in the nature of ill-gotten gains wrongfully withheld by the defendant, rather than (or as well as) compensation for a loss.

This case is different because, as defendants point out, plaintiff is not suing an employer who is in possession of wages wrongfully withheld from her; she is suing a fellow employee who harmed her, causing her to miss work. In such a situation, the lost pay she seeks is essentially "compensation for injury at the hands of" defendant Breimon, *see Hennessey*, 69 F.3d at 1352, not an attempt to recover someone else's ill-gotten gains or "disgorge[] . . . improper profits," *Chauffeurs*, 494 U.S. at 571.

Therefore, the lost-pay damages plaintiff seeks are compensatory damages, the sort of remedy that was available in "suits at common law," and plaintiff has a right to seek them from the jury. The Court has no power to reserve the issue of back pay for its own post-trial consideration; the jurors must be permitted to consider how much pay plaintiff lost—plaintiff's expert Stanley V. Smith's opinion will help them do so—and use that amount as a measure of damages, to the extent they find it persuasive. Defendants' motion is denied as to the lost-pay compensatory damages plaintiff seeks; it is granted as to any equitable remedies.

**SO ORDERED.**                             **ENTERED: April 24, 2019**

**JORGE L. ALONSO**
**United States District Judge**